**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:09-CR-203-RJC-DCK**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **KYLE MARK CORSI,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

      **THIS MATTER IS BEFORE THE COURT** on the handwritten letter (Document No. 101) dated June 6, 2010, from Defendant Kyle Mark Corsi ("Defendant") to the Honorable Robert J. Conrad, Jr. Defendant's letter is very critical of the performance of Defendant's second appointed counsel, Mr. Roderick Wright, and requests the appointment of a third appointed counsel. The Court construes Defendant's letter as a "motion to substitute counsel," and this matter has been referred to the undersigned for review. The Court has held two hearings regarding the motion – one on June 21, 2010, and a second on June 28, 2010. After careful consideration of the motion, the arguments of the parties at the hearings, and applicable authority, the Court has determined that the motion should be <u>denied</u>.

      The standard for considering motions to substitute new appointed counsel is familiar. In <u>United States v. Mullen</u>, 32 F.3d 891 (4th Cir. 1994), the Fourth Circuit set out a three-part test for evaluating a district court's decision on such a motion: 1) timeliness of the motion; 2) adequacy of the court's inquiry into the defendant's complaint; and 3) whether the attorney/client conflict was so great that it resulted in total lack of communication preventing an adequate defense. <u>Mullen</u>, 32 F.3d at 895.

Case law also sets forth that defendants represented by appointed counsel are not entitled to counsel of their choice, or even counsel they like, but rather constitutionally adequate counsel. "[T]he Sixth Amendment does not guarantee a meaningful relationship or even substantial rapport between a defendant and his counsel." Sanders v. United States, 2008 WL 2704523 at *4 (N.D.W.Va. 2008); see also, Morris v. Slappy, 461 U.S. 1, 13-14. "Generally speaking, the reported fact that defendant and counsel are not 'getting along' is insufficient to require appointment of substitute counsel." Id. "The Fourth Circuit has gone on to state that a court is within its limits in denying a motion to substitute counsel when the conflict is due to defendant's belligerence." Id. at *5, citing U.S. v. Morsley, 64 F.3d 907, 918 (4th Cir. 1995)("district court is not compelled to substitute counsel when the defendant's own behavior creates a conflict.")

In this case, the record suggests that Mr. Wright has personally met with Defendant on three occasions since his appointment on March 16, 2010. In addition, he sent a staff member to review discovery with Defendant on five occasions. The government, through Assistant United States Attorney Mark Odulio, confirms that Mr. Wright has repeatedly been in contact to discuss the Defendant's case. While it is certainly true that the Defendant does not believe Mr. Wright is providing adequate counsel, this is not apparent from the record.

Further, the record reflects that the last two times Mr. Wright attempted to meet with the Defendant – June 18, 2010 and June 23, 2010 – Defendant refused to meet with him. On June 18, 2010, Defendant came to the meeting room in the jail, but declined to talk to Mr. Wright; on June 23, 2010, Defendant refused to come to the meeting room at all. These refusals are particularly significant in that Defendant's first appointed counsel, Richard A. Culler, was allowed to withdraw by Magistrate Judge Cayer because "Defendant refused to meet with him" and "meetings with Defendant degenerate[d] into heated disagreements" and Defendant refused to consider "any of

defense counsel's advice." (Document No. 82).

In fairness, Defendant takes a very different view of what has occurred between himself and his two counsel in this case. He asserts that Judge Cayer's Order mischaracterized what actually went on between himself and Mr. Culler, and that Mr. Culler shouldered more of the blame for the withdrawal than the Order notes. He also asserts in very strong terms that Mr. Wright is not giving him adequate counsel. He talked at some length about the things he wanted done that Mr. Wright had not pursued.

Two final points are worth noting. Despite the troubled relationship with Defendant, Mr. Wright indicated on the record that he remains willing and able to serve as the Defendant's counsel. In addition, the case is currently set for trial on August 2, 2010, and because it has been continued previously, it will in all likelihood be tried during that trial term before Judge Conrad.

The Court concludes based on this record that, while the relationship between Defendant and his second appointed counsel is certainly strained, substitution is not appropriate. Mr. Wright has indicated his willingness to continue to serve as Defendant's counsel, despite all the rancor. The record does not reflect that there is anything clearly inadequate about Mr. Wright's performance. In fact, it appears much of the problem lies with Defendant, who has now twice refused to meet with his second appointed counsel, having subjected his first appointed counsel to similar treatment. As the Court indicated at the second hearing date, Defendant may be represented by Mr. Wright, or if he wishes, he may assert his right to self-representation. He is, of course, also free to retain counsel of his choosing if he is able.

**IT IS, THEREFORE, ORDERED** that Defendant's motion to substitute counsel (Document No. 101) is **DENIED**.

Signed: June 29, 2010

_____
David C. Keesler
United States Magistrate Judge